IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRUCE LEROY PERRY, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-028-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28 of the United States Code, § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under Title 28 of the United States Code, § 2254.

#### B. PARTIES

Petitioner Bruce Leroy Perry, TDCJ-ID #1362612, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Perry, a habitual offender, was charged with possession with intent to deliver cocaine and heroin in cause nos. 0990034D and 0990035D in the Criminal District Court Number One of Tarrant County, Texas. (1State Habeas R. at 54; 2State Habeas R. at 43[1]) After a jury found Perry guilty of the alleged offenses, he withdrew his pleas of not guilty and, pursuant to a plea bargain agreement, entered pleas of guilty and waived his right to appeal in exchange for recommended sentences by the state of 30 years' imprisonment in each case, the sentences to run concurrently. (*Id*. at 56; 44) Perry did not directly appeal the judgments of conviction. He did, however, seek postconviction state habeas relief, to no avail. (*Id.* at cover; cover). This federal petition was filed in the Tyler Division and transferred to this division.

D. ISSUES

Perry raises the following claims:

(1) His guilty pleas were not made knowingly, freely and voluntarily;

(2) His privilege against self-incrimination was violated;

(3) He was denied his right to effective assistance of counsel; and

(4) The evidence is insufficient to support his convictions. (Pet'r Memorandum in Support; Original Pet. at 2)

E. RULE 5 STATEMENT

Quarterman claims Perry has failed to exhaust his state remedies regarding one or more of the claims presented as required by 28 U.S.C. § 2254(b)(1)(a), and, thus, the claims are procedurally

---

[1] "1State Habeas R." refers to the state court record in Perry's state habeas application no. WR-67,469-01; "2State Habeas R." refers to the state court record in his state habeas application no. WR-67,469-02.

barred. (Resp't Answer at 4-9) Notwithstanding a petitioner's failure to exhaust state remedies, a court may deny a petition on other procedural grounds or on the merits of the claims.

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as in Perry's case, it is an adjudication on the merits, which is entitled to this presumption.

*Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Waiver of Claims

By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects, including claims relating to deprivation of constitutional rights, that antedate the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). Because Perry's guilty pleas were knowingly, intelligently and voluntarily made, as discussed in the next section of these findings, his claims relating to his privilege against self-incrimination, allegations of ineffective assistance of counsel, not involving the voluntariness of his pleas, and the sufficiency of the evidence are waived. *See United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin*, 395 U.S. at 243; *United States v. Hanyard*, 762 F.2d 1226, 1229-30 (5th Cir. 1985).

## 3. Voluntariness of Guilty Plea

Perry claims his guilty pleas were involuntary due to trial counsel's advice that he could get possible life or consecutive sentences and that it would not be in his best interest to receive a jury disposition and the fact that he is uneducated in the law and did not know his constitutional rights were being violated.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have

4

been different. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). In evaluating an ineffective assistance claim, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Strickland*, 466 U.S. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. A defendant has the ultimate authority to determine whether to waive a jury and plead guilty. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004). Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action. *Id.*

A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

Perry's ineffective assistance claims relating to the voluntariness of his pleas are not supported by the record. Although the parties have not provided a copy of the reporter's record of the plea proceeding, the state habeas court held a hearing by affidavit and entered findings of fact refuting Perry's assertions. (1State Habeas R. at 20, 45; 2State Habeas R. at 17, 30) The

5

documentary evidence in the plea proceedings further supports the conclusion that Perry's pleas were knowingly, voluntarily and intelligently made. Perry entered his pleas in open court, he was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offenses. Perry executed the written plea admonishments in which he acknowledged that he was aware of the consequences of his pleas, that his pleas were made knowingly, freely and voluntarily, that he waived his right to a jury, as to both guilt and assessment of punishment, that he was "totally satisfied" with the representation received from counsel, and that counsel provided "fully effective and competent representation," and the trial court expressly found that he understood the consequences of his pleas and that his pleas were intelligently, freely and voluntarily entered. *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Perry also judicially confessed to committing the offenses as charged in the indictment and true to the habitual offender notice. (Resp't Answer, Exhibit A)

Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Perry's claims, after the fact, unsupported by anything in the record, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same). Moreover, due to his habitual-offender status, Perry was subject to a life imprisonment or any term of not more than 99 years or less than 25 years in each case. Perry has neither alleged nor demonstrated that but for counsel's actions or omissions the jury would have assessed significantly less harsh sentences.

Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to

6

plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially longer sentence by a jury. Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Brady*, 397 U.S. at 749-50. The record supports the state courts' determination of the issue of the voluntariness of Perry's guilty pleas. The state courts' decision is not contrary to or involve an unreasonable application of federal law in light of the record as a whole and is entitled to deference and the presumption of correctness.

## II. RECOMMENDATION

Perry's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 13, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 13, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 23, 2009.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE